**Ross P. Meyer (028473)**
Ross@EnaraLaw.com
**Enara Law PLLC**
7631 East Greenway Road, Suite B-2
Scottsdale, Arizona 85260
Telephone: (602) 687-2010
Filings@EnaraLaw.com
*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Haute Plank, Inc., an Arizona corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Grato, S.L., LLC, a Spanish corporation,<br><br>Defendants. | Case No.: 2:25-cv-04436-JZB<br><br>**MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION** |

Plaintiff Haute Plank, Inc. ("Haute Plank" or "Plaintiff"), by and through their attorney, pursuant to Rule 65, Fed. R. Civ. P., 17 U.S.C. § 502(a), and for the reasons set forth more fully in its contemporaneously filed Memorandum of Law, pray that this Honorable Court enter a Preliminary Injunction in its favor and against Defendant Grato, S.L., L.L.C., a Spanish corporation ("Defendant" or "Grato"), until such time that the parties reach a settlement or a final adjudication on the merits is entered.

Preliminary injunctive relief is necessary because despite extensive efforts to avoid litigation, Plaintiff has been unable to voluntarily persuade Defendant Grato to cease violating the Agreement and tortiously interfering with Plaintiff's contractual relationships.

The Court may enter a preliminary injunction against Defendant Grato because Plaintiff will demonstrate to this Court through its Memorandum of Law, supported by Affidavits and other admissible evidence that Haute Plank is: (1) likely to succeed on the merits; (2) the ongoing harm being suffered is irreparable in the absence of preliminary

1

relief; (3) the balance of hardships between the Plaintiff and Defendant Grato favors Plaintiff; and (4) the entry of an injunction is in the public interest. *See Disney Enterprises, Inc. v. Vidangel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). Accordingly, Plaintiff Haute Plank seeks entry of the Proposed Order attached to this Motion as Exhibit A.

Finally, while Rule 65(c), Fed. R. Civ. P., calls for Plaintiff to provide a proper security, district courts nonetheless have discretion to waive the security requirement. *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) ("The district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct[.]"). Here, the intentional breaching of the Agreement and strategy to interfere with Haute Plank's customers, to take over Plaintiff's business, while Defendants' main business is in Spain, would leave Plaintiff with little remaining. Production and delivery of flooring components are the core products of Defendant Grato, and accordingly Plaintiff asks that any security be waived or the Court impose a minimal amount.

**RESPECTFULLY SUBMITTED** this 15th day of Decemeber, 2025.

**ENARA LAW PLLC**

By: */s/ Ross P. Meyer*
Ross P. Meyer
*Attorney for Plaintiff*

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 15, 2025, a true copy of the foregoing document was filed with the CM/ECF system and will be electronically sent to the counsel for Defendant together with the Complaint and entire docket presently before the Court as identified on the Notice of Electronic Filing, and paper copies will be sent to any non-registered participants.


By: *_/s/ Leslie Cruz Morales_*