# EXHIBIT 3



**AGREEMENT**

This Agreement ("Agreement") is entered into as of 08/07/2025 ("Effective Date"), by and between:

**Creditor:** Grato, S.L., LLC
         Parque Empresarial Piasca
         Josefina De La Maza 4
         39012 Santander, Cantabria Spain
         Attn: José Antonio Gutierrez
         Email: jagutierrez@grato.es

**Debtor:** Haute Plank, Inc.
Address: 15551N Greenway Hayden Loop Suite 130 Scottsdale, AZ 85260
Contact: Jennifer Alvarez - Founder

---

### 1. Acknowledgment of Debt

Haute Plank, Inc. ("Debtor") acknowledges a commercial debt to Grato, S.L. ("Creditor") in the amount of **$1,208,938.30 USD** (" relating to previously delivered hardwood flooring materials and materials currently ordered and awaiting payment before shipping. This debt is acknowledged as a commercial materials obligation and **shall not be considered or construed as a loan.**

---

### 2. Payment Terms

Debtor agrees to repay the above amount according to the schedule set forth on Exhibit A to this Agreement:

---

### 3. Prepayment

Debtor may prepay any portion of the debt at any time without penalty.

---

### 4. Default Terms

A payment will be considered in **default** if not received within **10 business days** of





the due date. Upon default, Creditor may:

- Issue **written notice** and allow a **30-day cure period**
- Assess a **$500 late fee** for missed payment
- Pursue all available legal remedies if uncured, **but shall not seize ownership, equity, or control** of Debtor except by court order, nor claim any personal guarantee or security interest
- In the event of an uncured default after the 30-day cure period, Debtor will stipulate to entry of judgment with respect to the remaining uncured default amount, with statutory interest accruing on the amount of the judgment.

**5. No Personal Guarantee or Security**

This Agreement is strictly a corporate obligation. **No officer, director, or shareholder of Debtor shall be personally liable, except by subsequent agreement or by court order.**

This Agreement **does not** create a **security interest** in the company, its assets, or ownership.

**6. Ongoing Business Activity**

Creditor acknowledges Debtor will continue normal operations and may seek investment or financing, provided such activities do not materially impair Debtor's ability to meet the payment schedule.

Additionally, while amounts remain due and owing under this payment plan Agreement, Debtor covenants and agrees:

a. Debtor will make no fixed asset purchases (vehicles, etc.) exceeding $25,000 without the prior written consent of Creditor; provided that approved purchases shall not, in any event, exceed $40,000 in any quarter or $150,000 annually; and provided further that such purchase limits may not be aggregated year to year (i.e. unused amounts in one year do not roll over into the next year).

b. Debtor will not make distributions to shareholders or bonus payments to Jennifer or Sam

c. Debtor will provide to Creditor, within 20 days following the end of each applicable



Docusign Envelope ID: E08DAD5C-D1A0-4227-896B-47CF860B9296

quarter, internally-prepared, quarterly financial statements (income statement, balance sheet, cash flow), certified as accurate and complete by the CEO of Debtor starting with the quarter ending September 30, 2025. Debtor will also provide semi-annual financial statements (as of June 30 and December 31), within 45 days after the effective date, prepared by a CPA starting with the quarter ending December 31, 2025

d. For new orders placed on and after the date of this Agreement, Debtor will pay a deposit to Creditor in the amount of fifty percent (50%) of the order (including shipping), and will pay the balance prior to Creditor shipping the applicable order.

e. Creditor will be priority supplier of materials and inventory for Debtor's sales, and Debtor's agents and employees will use best efforts to promote and sell Creditor's products when proposing materials to customers, including but not limited to featuring Grato products prominently in Debtor's showroom.

### 7. Entire Agreement

This document contains the full understanding between the parties. Any changes must be in writing and signed by both parties.

### 8. Governing Law

This Agreement shall be governed by the laws of the State of **Arizona**.

**IN WITNESS WHEREOF,** the parties have executed this Agreement as of the date first written above.

**Haute Plank, Inc.**

By:

Name: Jennifer Alvarez

Title: Founder

Date: 8/27/2025



Docusign Envelope ID: E08DAD5C-D1A0-4227-896B-47CF860B9296

**Grata, S.L.**

Firmado por:

By: _____ Francisco Garcia _____
        147C4BCAACC24A2...

Name: Francisco Garcia_____

Title: CEO_____

Date: 9/2/2025_____

---

Initial     Inicial   initials

FG

Docusign Envelope ID: E08DAD5C-D1A0-4227-896B-47CF860B9296

## EXHIBIT A

### DEBT PAYMENT TERMS

(Graduated Quarterly with Two Balloon Payments)

| Installment | Due Date | Amount Due |
|---|---|---|
| 1 Standard | December 15, 2025 | $100,000.00 |
| 2 Standard | March 15, 2026 | $110,000.00 |
| 3 Standard | June 15, 2026 | $120,000.00 |
| 4 (Balloon) | September 15, 2026 | $250,000.00 |
| 5 Standard | December 15, 2026 | $130,000.00 |
| 6 Standard | March 15, 2027 | $140,000.00 |
| 7 Standard | June 15, 2027 | $150,000.00 |
| 8 (Balloon) | September 15, 2027 | $208,938.30 |