James M. Cool, State Bar No. 028023
**FRAZER, RYAN, GOLDBERG & ARNOLD, L.L.P.**
1850 North Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: (602) 277-2010
Facsimile: (602) 277-2595
Email: jcool@frgalaw.com
        bmontano@frgalaw.com

*Attorneys for Defendant Grato, S.L., LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Haute Plank, Inc., an Arizona corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Grato, S.L., LLC, a Spanish corporation,<br><br>Defendants. | No. CV-25-04436-JZB<br><br><br>**GRATO, S.L., LLC's ANSWER** |

In response to the Complaint filed by Haute Plank, Inc. ("Plaintiff"), Grato, S.L., LLC ("Defendant") answers as follows:

1.    Paragraph 1 does not assert a fact that can be admitted or denied.

2.    Admitted.

3.    Grato denies it is Plaintiff's exclusive supplier of hardwood and affirmatively alleges Plaintiff has or once had other suppliers in Belgium, Netherlands, or elsewhere. Grato admits the balance of Paragraph 3.

4.    Admitted.

5.    Grato admits it is subject to the Court's jurisdiction. Grato denies the balance of Paragraph 5.

6.    Grato admits venue is proper in this Court.

7.    Admitted.

8.    Admitted.

9.    Admitted.

10.   Admitted.

11.   Admitted Grato is a foreign company registered as such with the Arizona Corporation Commission.

12.   Admitted.

13.   Grato's records reflect Plaintiff first ordered products from Grato in or around April 2024. Grato admits Plaintiff ordered, and Grato delivered, approximately $1.14 million of flooring products. Grato lacks sufficient information to admit or deny the terms of Plaintiff's agreements with its customers.

14.   Grato denies that Exhibit A to the Complaint, the terms of which speak for themselves, provides any support for the allegations set forth in Paragraph 14. Otherwise, Grato admits the allegations set forth in Paragraph 14.

15.   Admitted and affirmatively alleged that Plaintiff's mere submission of a Purchase Order does not oblige Grato to fulfill Plaintiff's request. As alleged by Plaintiff (the "Order Process"), Purchase Orders must be signed by Grato and Plaintiff to constitute a formal order accepted by Grato.

16.   Denied. Grato affirmatively alleges it produced but did not deliver part of the order no. 1761 specified and that Plaintiff did not pay as agreed.

17.   Admitted the order was placed and the product was produced but not delivered. Denied that Plaintiff paid as agreed.

18.   Denied; the Order Process was not completed with respect to this order.

19.   Denied; the Order Process was not completed with respect to this order.

20.   Denied; the Order Process was not completed with respect to this order.

21.   Denied; the Order Process was not completed with respect to this order.

22. Denied; the Order Process was not completed with respect to this order.

23. Denied; the Order Process was not completed with respect to this order.

24. Denied; the Order Process was not completed with respect to this order.

25. Denied; the Order Process was not completed with respect to this order.

26. Denied; the Order Process was not completed with respect to this order.

27. Denied; the Order Process was not completed with respect to this order.

28. Denied; the Order Process was not completed with respect to this order.

29. Denied. Grato affirmatively alleges that the Purchase Orders fall into three categories: (i) orders accepted, produced, and delivered before execution of the Agreement in September 2025; (ii) orders accepted and produced, but not delivered, before execution of the Agreement in September 2025. The first category is comprised of Purchase Order numbers: STK2, STK5, 1709, SHRM1, STK4, 1748, 1744, STK9, 1759, 1755, STK7, 1761, STK8, 1762, 1714, 1766, 1758, 1766B, 1779, 1760, 1781, and STOCK10. The second category is comprised of Purchase Order numbers: 1761B and 1791, and (iii) order as to which the Order Process was incomplete. Grato further affirmatively alleges that the orders identified as "Pre August 7, 2025 Orders" are all orders as to which the Order Process was incomplete.

30. Admitted that Plaintiff placed orders before August 7 that were not accepted by Grato, as to which the Order Process was not completed. As a result, those orders are not included in the $1.2M (approx.) sum specified in the Agreement. Grato affirmatively alleges those orders are subject to (i) a 50% deposit requirement before production and a payment-in-full requirement before shipping, and (ii) a Purchase Order signed by both Plaintiff and Grato in accordance with the Order Process.

31. Admitted Grato stopped shipping Plaintiff product in May 2025 and admitted Plaintiff never paid the outstanding balance of approximately $1.2 million.

3

32. Admitted Grato made a demand for payment to Plaintiff in or around January 2025. Admitted Plaintiff responded by sending Grato its business plan. Denied as to the balance of Paragraph 32.

33. Admitted that Plaintiff has accurately quoted a portion of the email referenced. Denied as to any inference or implication or any other allegation reflected by Paragraph 33.

34. Admitted.

35. Admitted.

36. Grato lacks sufficient information to admit or deny the allegations stated in Paragraph 36.

37. Grato lacks sufficient information to admit or deny the allegations stated in Paragraph 37. Moreover, Grato affirmatively alleges the allegation makes no sense. Grato is a manufacturer of wood flooring—not a bank—and nothing about Grato's arrangement with Plaintiff involved Grato providing Plaintiff "funding" to operate its business. Grato's relationship with Plaintiff was limited to Grato supplying more than $1.2 million in wood flooring to Plaintiff and Plaintiff refusing to pay for the product it received and sold to its customers.

38. Denied as to Plaintiff's characterization of the Agreement's effect. Admitted that the parties entered into the Agreement, which Grato understood to reflect Plaintiff's acknowledgement of an approximate $1.2 million debt, Grato's willingness to accept payment of that debt in installments over two years, and Plaintiff's agreement to provide a 50% deposit before production and payment-in-full before shipping for all future orders. The Agreement also describes certain steps Plaintiff is obliged to take to demonstrate its continuing solvency and to refrain from assuming further encumbrances so as to secure Grato's right to payment for product already delivered.

4

39.    Admitted Paragraph 39 accurately quotes that portion of the Agreement. *See also* response to Paragraph 29 above.

40.    Admitted Paragraph 40 accurately quotes that portion of the Agreement.

41.    Admitted Paragraph 41 accurately quotes that portion of the Agreement and admitted that the Agreement and its plain language reflects all understandings and agreements between the parties.

42.    Admitted.

43.    Admitted.

44.    Denied. Grato affirmatively alleges that Plaintiff sought to have orders placed before August 7, but not accepted by Grato, which were not included in the $1.2m installment plan produced and shipped without paying a 50% deposit and the balance in full before shipping. Grato refused to accept those orders without a 50% deposit since they were not included in the installment plan.

45.    Admitted Paragraph 45 accurately quotes a portion of the correspondence referenced.

46.    Admitted Paragraph 46 accurately quotes a portion of the correspondence referenced.

47.    Admitted Paragraph 47 accurately quotes a portion of the correspondence referenced.

48.    Admitted Paragraph 48 accurately quotes a portion of the correspondence referenced.

49.    Admitted Plaintiff's counsel and Grato's counsel communicated about possible resolutions. Denied as to the balance of Paragraph 49.

50.    Grato lacks sufficient information to admit or deny the allegations in Paragraph 50 but affirmatively alleges that it believes Plaintiff's business has suffered as evidenced by its failure to pay its Belgian flooring supplier and its failure to service the

orders of multiple customers who have threatened it with litigation, and as evidenced by its failure to make the first $100,000 installment payment to Grato due on December 15, 2025.

51.    Denied. Grato affirmatively alleges the parties have differing interpretations of which orders are included in the $1.2 million installment plan and which are subject to the deposit requirement.

52.    Paragraph 52 cannot be admitted or denied.

53.    Admitted.

54.    Admitted.

55.    Denied. Grato affirmatively alleges Plaintiff breached the Agreement on December 15, 2025, when it failed to make the first installment payment of $100,000 as agreed.

56.    Denied.

57.    Denied.

58.    Denied.

59.    Paragraph 59 cannot be admitted or denied.

60.    Admitted as to the application of A.R.S. § 12-341 and A.R.S. § 12-341.01 but denied as to the balance of Paragraph 60.

61.    Paragraph 61 cannot be admitted or denied.

62.    Admitted.

63.    Admitted.

64.    Admitted.

65.    Denied.

66.    Denied.

67.    Denied as to Grato's intention. Grato lacks sufficient information to admit or deny Plaintiff's subjective intentions. Denied as to the balance of Paragraph 67.

68.    Denied.

69.    Denied.

70.    *See* Response to Paragraph 60.

71.    Paragraph 71 cannot be admitted or denied.

72.    Admitted that Plaintiff correctly quoted the cited case authority. Grato affirmatively alleges that a fraud in the inducement claim makes no sense in this case because Fraud in the Inducement, as its remedy, permits a party to avoid a contract. Since Plaintiff is suing to enforce its contract, it makes no sense that it would simultaneously seek to avoid that agreement. One cannot affirm and disaffirm a contract simultaneously.

73.    Admitted those words were communicated to Plaintiff by Grato. Denied as to any inference suggested by Paragraph 74.

74.    Admitted the Agreement includes that language but denied as to which orders are included in the second category. *See* response to Paragraph 29.

75.    Grato lacks sufficient information to admit or deny the allegations in Paragraph 75. Grato affirmatively alleges it was wildly *unreasonable* for Plaintiff to believe Grato would provide an additional $300,000 (approx.) in product without completing the Order Process, and without any deposit, payment plan, or security when Plaintiff had not paid for the $1.14 million in flooring Grato had already delivered.

76.    Grato lacks sufficient information to admit or deny the allegations in Paragraph 75. Grato affirmatively alleges it was wildly *unreasonable* for Plaintiff to believe Grato would provide an additional $300,000 (approx.) in product without completing the Order Process, and without any deposit, payment plan, or security when Plaintiff had not paid for the $1.14 million in flooring Grato had already delivered.

77.    Denied. Grato agreed to accept payment in installments for all orders that comprise the $1.2 million figure stated in the Agreement. Grato has provided evidence

to Plaintiff's counsel indisputably demonstrating that the $1.2 million figure subject to the installment payments does not include $300,000 (approx.) in orders that Plaintiff demands be fulfilled. Plaintiff could do the math but simply refuses and consistently avoids the topic.

78. Denied.

79. Denied.

80. Denied.

81. Paragraph 81 cannot be admitted or denied.

82. Admitted.

83. Grato lacks sufficient information to admit or deny the facts alleged in Paragraph 83.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Paragraph 88 cannot be admitted or denied.

### **AFFIRMATIVE DEFENSES**

Defendant asserts the following affirmative defenses:

a. Anticipatory Repudiation;

b. Accord & Satisfaction;

c. Discharge;

d. Mutual Mistake;

e. Unilateral Mistake;

f. Economic Loss Rule;

g. Failure to State a Claim Upon Which Relief May be Granted;

8

h.    Failure of Condition Precedent;

i.    Prior Breach;

j.    Unclean Hands.

WHEREFORE, Defendant Grato, S.L., LLC requests this Court to enter judgment in its favor and against Plaintiff as follows:

A.    That Plaintiff's complaint be dismissed and that Plaintiff take nothing;

B.    For all taxable costs under AR.S. § 12-341;

C.    For attorneys fees under AR.S. § 12-341.01 or any other applicable authority.

DATED this 15th day of January 2026.

**FRAZER, RYAN, GOLDBERG &**
**ARNOLD, L.L.P.**

By:    _/s/ James M. Cool_
James M. Cool
1850 North Central Ave., Suite 1800
Phoenix, Arizona 85004
*Attorneys for Defendants Grato, S.L., LLC*

9

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2026, I electronically transmitted the foregoing Grato, S.L., LLC's Answer to the Clerk's Office using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to the following CM/ECF Registrants:

Ross P. Meyer
Sara N. Rock
ENARA LAW PLLC
7631 E. Greenway Road, Suite B-2
Scottsdale, Az. 85260
Ross@enaralaw.com
Sara@enaralaw.com
*Attorneys for Plaintiff*

By: /s/ *B. Montano*

10