Jeffrey B. Molinar, 018512
Payslie M. Bowman, 035418
Osborn Maledon, P.A.
2929 North Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 640-9000
jmolinar@omlaw.com
pbowman@omlaw.com

*Attorneys for Plaintiff/Counterdefendant Haute Plank, Inc.*
*and Counterdefendants Alvarez*



UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Haute Plank, Inc., | Case No. 2:25-cv-04436-JZB |
| Plaintiff, | **ANSWER TO COUNTERCLAIMS** |
| v. | |
| Grato S.L., LLC, | |
| Defendant. | |
| Grato S.L., LLC, | |
| Counterclaimant, | |
| v. | |
| Haute Plank, Inc., et al., | |
| Counterdefendants. | |

Plaintiff/Counterdefendant Haute Plank, Inc. ("Haute Plank") and Counterdefendants Jennifer M. Alvarez and Sam Alvarez (collectively, "Alvarez") hereby respond to Defendant/Counterplaintiff Grato, S.L., LLC ("Grato")'s Counterclaims. Any allegation not specifically admitted in this Answer is denied.

### PARTIES, JURISDICTION, & VENUE

1. Haute Plank and Alvarez admit.

2. Haute Plank and Alvarez admit that Haute Plank is an Arizona corporation but deny the remaining allegations.

3. Haute Plank and Alvarez admit.

4. Haute Plank and Alvarez admit but affirmatively allege the legal separateness of Haute Plank and Alvarez.

5. Haute Plank and Alvarez admit.

6. Haute Plank and Alvarez admit.

## FACTS COMMON TO ALL CLAIMS

7. Haute Plank and Alvarez admit.

8. Haute Plank and Alvarez are without information to admit or deny the allegations and therefore deny.

9. Haute Plank and Alvarez admit.

10. Haute Plank and Alvarez deny and affirmatively allege that Haute Plank began working with Grato in November 2023.

11. Haute Plank and Alvarez deny.

12. Haute Plank and Alvarez admit that Haute Plank paid for certain orders it received from Grato and deny the remaining allegations.

13. Haute Plank and Alvarez deny.

14. Haute Plank and Alvarez admit.

15. Haute Plank and Alvarez admit.

16. Haute Plank and Alvarez admit that in some instances some customers paid 100% of an invoice in advance and affirmatively allege that when a customer paid 100% of the invoice for their order, Haute Plank simultaneously or shortly thereafter placed the corresponding order with Grato. Haute Plank and Alvarez deny any allegation that Haute Plank or Alvarez accepted 100% payment from a customer and did not place the customer's order with Grato.

17. Haute Plank and Alvarez deny.

18. Haute Plank and Alvarez admit Haute Plank and Grato negotiated and signed an Agreement dated August 7, 2025, and deny the remaining allegations.

19. Haute Plank and Alvarez admit.

2

20.    Haute Plank and Alvarez deny.

21.    Haute Plank and Alvarez admit that the "Johnson," "Wagon Plank," and "Marigold" orders were included in the $1,208,938.30 debt acknowledged in the Agreement. Haute Plank and Alvarez affirmatively allege that the cost of overseas shipping was included in the material price and import fees were addressed by the International Chamber of Commerce's Incoterms designated on specific order forms. Haute Plank and Alvarez deny the remaining allegations.

22.    Haute Plank and Alvarez deny. Haute Plank and Alvarez affirmatively allege that the Agreement required Haute Plank to pay Grato a deposit equal to 50% of the order price—which included the cost of overseas shipping—at the time the order is placed and the remaining 50% prior to shipping only for orders placed after August 7, 2025.

23.    Haute Plank and Alvarez admit the Agreement includes the language quoted in Paragraph 23 but deny any allegation or legal conclusion regarding its application, validity, or effect, and deny the remaining allegations. Haute Plank and Alvarez affirmatively allege that Haute Plank did not default on its obligations under the Agreement.

24.    Haute Plank and Alvarez admit the Agreement includes the language quoted in Paragraph 24 but deny any allegation or legal conclusion regarding its application, validity, or effect, and deny the remaining allegations.

25.    Haute Plank and Alvarez admit the Agreement includes the language referenced in Paragraph 25 but deny any allegation or legal conclusion regarding its application, validity, or effect, and deny the remaining allegations.

26.    Haute Plank and Alvarez admit the Agreement includes the language quoted in Paragraph 26 but deny any allegation or legal conclusion regarding its application, validity, or effect, and deny the remaining allegations. Haute Plank and Alvarez affirmatively allege that Haute Plank was not required to provide semi-annual financials statements due to Grato's material breach.

3

27.    Haute Plank and Alvarez deny and further affirmatively allege that no installment payment was required due to Grato's material breach.

28.    Haute Plank and Alvarez admit that Haute Plank did not issue a $100,000 payment by December 15, 2025 and further affirmatively allege that no installment payment was required due to Grato's material breach.

29.    Haute Plank and Alvarez deny.

30.    Haute Plank and Alvarez deny and further affirmatively allege that no installment payment was required due to Grato's material breach.

31.    Haute Plank and Alvarez admit that Haute Plank did not issue a $110,000 payment by March 15, 2026 and further affirmatively allege that no installment payment was required due to Grato's material breach.

## CLAIMS FOR RELIEF

### COUNT I

### (Breach of Contract Against Haute)

32.    Haute Plank hereby incorporates its responses to each and every allegation set forth above as if fully set forth herein.

33.    Haute Plank admits.

34.    Haute Plank admits Agreement acknowledges a debt owed by Haute to Grato in the amount of $1,208,938.30 and includes a payment installment contract but denies the remaining allegations. Haute Plank affirmatively alleges that no installment payments were required due to Grato's material breach.

35.    Haute Plank denies.

36.    Haute Plank denies.

37.    Haute Plank denies.

38.    Haute Plank denies.

39.    Haute Plank denies.

40.    Haute Plank denies.

4

## COUNT II

### (Contractual Bad Faith Against Haute)

41.    Haute Plank hereby incorporates its responses to each and every allegation set forth above as if fully set forth herein.

42.    The allegations in this paragraph are legal conclusions to which a response is not required; to the extent a response is deemed required, Haute Plank admits that Arizona law recognizes an implied covenant of good faith and fair dealing in every contract but denies that it has breached any such covenant or that it has unjustifiably denied Grato any reasonably anticipated benefit of the parties' bargain.

43.    Haute Plank is without information to admit or deny the allegations and therefore denies.

44.    Haute Plank denies.

45.    Haute Plank denies.

46.    Haute Plank denies.

47.    Haute Plank denies.

## COUNT III

### (Unjust Enrichment Against All Counterdefendants)

48.    Haute Plank and Alvarez hereby incorporate their responses to each and every allegation set forth above as if fully set forth herein. Haute Plank and Alvarez affirmatively allege the legal separateness of Haute Plank and Alvarez.

49.    Haute Plank and Alvarez deny.

50.    Haute Plank and Alvarez deny.

51.    Haute Plank and Alvarez deny.

52.    Haute Plank and Alvarez deny.

53.    Haute Plank and Alvarez deny.

54.    Haute Plank and Alvarez deny.

**COUNT IV**

**(Fraudulent Transfer Against Alvarez)**

55.    Alvarez hereby incorporates their responses to each and every allegation set forth above as if fully set forth herein. Alvarez affirmatively alleges the legal separateness of Haute Plank and Alvarez.

56.    The allegations in this paragraph are legal conclusions to which a response is not required; to the extent Alvarez is required to answer, Alvarez admits that A.R.S. § 44-1004 prohibits actually and constructively fraudulent transfers but denies that they have violated A.R.S. § 44-1004 or otherwise engaged in any fraudulent transfer. Alvarez affirmatively alleges the legal separateness of Haute Plank and Alvarez.

57.    Alvarez denies.

58.    Alvarez denies.

59.    Alvarez denies.

60.    Alvarez denies.

61.    Alvarez denies.

62.    Alvarez denies.

63.    Alvarez denies.

64.    Alvarez denies.

**COUNT IV** (sic)

**(Alter Ego/Piercing the Veil Against Alvarez)**

65.    Alvarez hereby incorporates their responses to each and every allegation set forth above as if fully set forth herein. Alvarez affirmatively alleges the legal separateness of Haute Plank and Alvarez.

66.    Alvarez denies.

67.    Alvarez denies.

68.    Alvarez denies.

69.    Alvarez denies.

70.    Alvarez denies.

6

71. Alvarez denies.

72. The allegations in this paragraph are legal conclusions to which a response is not required; to the extent Alvarez is required to answer, Alvarez denies.

73. Alvarez denies.

### AFFIRMATIVE DEFENSES

Plaintiff/Counterdefendant Haute Plank and Counterdefendants Alvarez  assert the following affirmative defenses:

A.    Failure to State a Claim Upon Which Relief May be Granted;

B.    Lack of Standing (Against Alvarez);

C.    Anticipatory Repudiation;

D.    Failure of Condition Precedent;

E.    Unclean Hands;

F.    Prior Breach;

G.    Discharge;

H.    Release;

I.    Misrepresentation;

J.    Mutual Mistake;

K.    Unilateral Mistake;

L.    Economic Loss Rule;

M.    Accord and Satisfaction;

N.    Assumption of Risk;

O.    Contributory Negligence;

P.    Comparative Negligence;

Q.    Duress;

R.    Estoppel;

S.    Failure of Consideration;

T.    Failure to Mitigate Damages;

U.    Fraud;

V.    Illegality;

W.    *Ultra Vires;*

X.    Laches;

Y.    Statute of Frauds;

Z.    Waiver;

AA.   Offset and Recoupment;

BB.   Legal Separateness.

CC.   Defendants alleges and does not waive any other affirmative defenses available under Rule 8 of the Arizona Rules of Civil Procedure or other applicable law and reserves the right to amend this Answer to specifically plead any additional matters constituting an affirmative defense as discovery may show to be applicable; and

DD.   Additional facts may be revealed by future discovery in this action which would support affirmative defenses presently available but unknown to Defendants which therefore alleges as though set forth here.

WHEREFORE, Plaintiff/Counterdefendant Haute Plank and Counterdefendants Alvarez request this Court to enter judgment in their favor and against Defendant/Counterplaintiff Grato as follows:

A.    That Grato's counterclaim be dismissed with prejudice and that Grato take nothing;

B.    For all taxable costs under A.R.S. § 12-341;

C.    For attorneys' fees under A.R.S. § 12-341.01 or any other applicable authority;

D.    For such other and further relief that the Court deems just and proper under the circumstances.

. . .

. . .

. . .

8

DATED this 9th day of June, 2026.

OSBORN MALEDON, P.A.


By  s/Payslie M. Bowman
       Jeffrey B. Molinar
       Payslie M. Bowman
       2929 North Central Avenue, Suite 2000
       Phoenix, Arizona 85012

*Attorneys for Plaintiff/Counterdefendant Haute Plank, Inc. and Counterdefendants Alvarez*